IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CITY OF WHEELING,**
**Employer Below, Petitioner**

**FILED**
**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-222**         (JCN: 2024010987)

**DAVID GILBERT,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner City of Wheeling ("Wheeling") appeals the April 29, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent David Gilbert filed a response.[1] Wheeling did not reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which closed the claim for temporary total disability ("TTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

A City of Wheeling Incident & Investigation Report dated December 1, 2023, indicates that Mr. Gilbert reported that he had tripped while going upstairs and, while attempting to catch himself on a stretcher after tripping, he injured his right wrist. Mr. Gilbert, a firefighter employed by Wheeling, presented to WVU Urgent Care on December 7, 2023, for an occupational injury to his right wrist occurring on December 1, 2023. According to Mr. Gilbert, he was getting into an ambulance and slipped and fell onto a stretcher with his right hand outstretched. Mr. Gilbert underwent an x-ray of the right wrist, revealing no bony abnormalities. The assessment was right wrist sprain and right wrist pain.

Mr. Gilbert completed an Employees' and Physicians' Report of Occupational Injury or Disease dated December 7, 2023, indicating that he injured his wrist on December 1, 2023, when he tripped and caught himself while getting into an ambulance. The

---

[1] Wheeling is represented by Aimee M. Stern, Esq. Mr. Gilbert is represented by Sandra K. Law, Esq.

physician's section, completed by Danielle Palmer, NP, at WVU Urgent Care, indicated that Mr. Gilbert sustained a right wrist sprain as a direct result of an occupational injury.

On December 11, 2023, Mr. Gilbert was seen by Ross Tennant, NP, for an occupational injury to his right hand. Mr. Gilbert reported pain in the right wrist, constant clicking, a popping sensation with certain movements, and that it feels like his wrist pops out of place at times. Nurse Tennant indicated that Mr. Gilbert hyperextended his wrist during the injury. Mr. Gilbert denied any previous history of injuries to his right wrist. An MRI of Mr. Gilbert's right wrist was unremarkable. The assessment was a right wrist sprain.

Mr. Gilbert underwent occupational therapy at The Hand Rehabilitation Center from December 13, 2023, through November 20, 2024. The assessment was a right wrist sprain. Mr. Gilbert reported that he was working out later the same day as the compensable injury when he felt something move in his right wrist. It was noted that Mr. Gilbert had instability in the radial wrist with head of radius/scaphoid/metacarpal shifting during wrist flexion, that the ulnar styloid was more prominent on the right when compared to the left, and that there was possible left ECU subluxation over the ulnar styloid. The records indicate that Mr. Gilbert reported he had joint instability in his right wrist prior to the compensable fall. The claim administrator issued an order dated December 14, 2023, holding the claim compensable for right wrist sprain.

On December 29, 2023, Mr. Gilbert underwent an MRI of his right wrist, revealing that the scapholunate ligament was grossly intact. On March 1, 2024, Mr. Gilbert underwent an x-ray of his right wrist, revealing no acute fracture or dislocation. Mr. Gilbert was seen by Charles Tracy, M.D., on March 1, 2024, for ongoing right wrist pain. Mr. Gilbert reported persistent pain over the dorsum and dorsal radial aspect of the wrist and a shift in his wrist bones with certain activities. Dr. Tracy noted that a Watson maneuver elicited discomfort at the scapholunate interval. Dr. Tracy reported that Mr. Gilbert's symptoms, location of discomfort, and the dynamic instability were suspicious for a scapholunate ligament injury, most likely a partial tear of the dorsal ligament and/or membranous portion. Dr. Tracy recommended right wrist arthroscopy.

Mr. Gilbert underwent right wrist arthroscopy at Wheeling Hospital on June 3, 2024. The operative report indicated that the post-operative diagnosis was a complete tear of the scapholunate ligament of the right wrist. It was reported that the scapholunate ligament was inspected and found to be completely torn with a positive drive-through test into the midcarpal joint. On June 7, 2024, Mr. Gilbert had a post-operative follow-up with Dr. Tracy, who reported that Mr. Gilbert had a complete separation of the scapholunate ligament with a positive drive-through test. Dr. Tracy recommended scapholunate ligament reconstruction with the internal brace technique. Dr. Tracy submitted a Diagnosis Update

form dated June 11, 2024, requesting that scapholunate instability, right wrist, and ligament tear scapholunate right wrist be added as compensable conditions in the claim.

On July 23, 2024, Leonard J. Buck, M.D., completed a Physician File Review of Mr. Gilbert's medical records. Dr. Buck noted that occupational therapy records indicated Mr. Gilbert had episodes of instability of the right wrist that predated the compensable injury, and that the MRI performed after the compensable injury was normal and showed the scapholunate ligament to be intact. It was noted that the occupational therapy records indicated that Mr. Gilbert's wrist popped again when he was working out after his compensable injury. Dr. Buck opined that Mr. Gilbert had a scapholunate ligament tear with instability, but that the documentation does not support that Mr. Gilbert had a scapholunate ligament tear prior to the MRI of December 29, 2023. He further opined that the conditions were not related to the compensable injury.

On July 31, 2024, the claim administrator issued an order denying the addition of scapholunate instability of the right wrist and scapholunate ligament tear of the right wrist as compensable conditions of the claim. Mr. Gilbert protested this claim.

Mr. Gilbert was evaluated by Joseph Grady II, M.D., on September 6, 2024. Mr. Gilbert reported pain and a shifting sensation within the radial aspect of the right wrist. Dr. Grady noted that Mr. Gilbert had not worked since June 2, 2024. The assessment was right wrist pain with demonstrated right scapholunate ligament tear on direct visualization during arthroscopic examination. Dr. Grady opined that the right wrist sprain that occurred with the initial injury had resolved, and Mr. Gilbert had reached maximum medical improvement ("MMI") for the compensable injury. Dr. Grady further opined that Mr. Gilbert would have difficulty working full duty at his regular job because of the right-hand pain and weakness, which Dr. Grady attributed to the noncompensable scapholunate ligament tear.

Mr. Gilbert underwent a scapholunate ligament reconstruction, with tendon graft and internal brace augmentation of the right wrist on September 12, 2024. The post-operative diagnosis was a complete tear of the scapholunate ligament of the right wrist.

On September 30, 2024, the claim administrator issued an order suspending Mr. Gilbert's TTD benefits based upon Dr. Grady's finding of MMI. On November 5, 2024, the claim administrator issued an order closing the claim for TTD benefits. Mr. Gilbert protested this order.

Mr. Gilbert was deposed on November 11, 2024, and testified that he injured his right wrist on December 1, 2023, when he tripped while getting into a vehicle and attempted to catch himself. Mr. Gilbert stated that he hooked his thumb on the headrest of the stretcher, which injured his wrist. Mr. Gilbert stated that he continued to work, and for

several hours, the pain was intense, but the pain lessened throughout the day. Mr. Gilbert testified that while doing a leg work out later that day, he felt a pop in his wrist when he was putting weight on the barbell. Mr. Gilbert stated that firefighters are encouraged to work out while at work and that facilities are available at the station to work out. Mr. Gilbert testified that he did not tell anybody at hand therapy that he had problems with his right wrist prior to the compensable injury. He stated that he might have mentioned that he had some prior issues with his left wrist, such as when he was rock climbing, which required him to adjust his left wrist to use it functionally. Regarding the physical therapy note dated December 13, 2023, which reported that he had some joint instability in his right wrist prior to the compensable injury, Mr. Gilbert testified that he believed that note was based upon a miscommunication. Mr. Gilbert further testified that he was describing an issue with his left wrist and trying to say that he never had any issues with his right wrist.

On March 3, 2025, the Board reversed the claim administrator's order denying the addition of scapholunate instability of the right wrist and scapholunate ligament tear of the right wrist as compensable conditions of the claim. The Board found that Mr. Gilbert established that scapholunate instability of the right wrist and ligament tear of the scapholunate right wrist are causally related to the compensable injury.[2]

On April 29, 2025, the Board reversed the claim administrator's order closing the claim for TTD benefits. The Board found that the closure of the claim for TTD benefits was premature and improper. Wheeling now appeals the Board's April 29, 2025, order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;

---

[2] On October 24, 2025, this Court affirmed the Board's March 2, 2025, order, which added scapholunate instability of the right wrist and scapholunate ligament tear of the right wrist to the claim as compensable conditions. *See City of Wheeling v. Gilbert*, No. 25-ICA-138, 2025 WL 2993722 (Ct. App. Oct. 24, 2025) (memorandum decision).

4

(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Wheeling argues that the Board erred in its March 3, 2025, order adding scapholunate instability of the right wrist and ligament tear of the scapholunate right wrist to the claim as compensable conditions. Thus, Wheeling further argues that the Board erred in continuing Mr. Gilbert's TTD benefits based on the addition of those conditions. We disagree.

Here, the Board found that the closure of the claim for TTD benefits on November 5, 2024, was premature and therefore improper. The Board noted that Dr. Grady found that Mr. Gilbert had reached MMI from the compensable right wrist sprain, but that he could not return to work because of the noncompensable conditions of scapholunate instability of the right wrist and scapholunate ligament tear of the right wrist. The Board further noted that, on March 3, 2025, the conditions of scapholunate instability of the right wrist and scapholunate ligament tear of the right wrist were added as compensable components of the claim. The Board found that there is no evidence that Mr. Gilbert has returned to work, been released to return to work, or has reached MMI from all compensable conditions of the claim.

Wheeling's argument that the Board erred in adding scapholunate instability of the right wrist and ligament tear of the scapholunate right wrist to the claim as compensable conditions has previously been addressed by this Court in *City of Wheeling v. Gilbert*, No. 25-ICA-138, 2025 WL 2993722 (Ct. App. Oct. 24, 2025) (memorandum decision), which affirmed the Board's finding that a right wrist scapholunate ligament tear and instability are compensable conditions.

Upon review, we conclude that the Board was not clearly wrong in finding that the closure of the claim for TTD benefits was premature and improper. We note that TTD payments are payable during an injured worker's recovery period after a compensable injury. Pursuant to West Virginia Code § 23-4-7a, TTD benefits are not payable once an injured worker reaches MMI, is released to return to work, or actually returns to work. Upon review, we conclude that the Board was not clearly wrong in finding that the evidence established that the closing of the claim for TTD benefits on November 5, 2024, was premature and, therefore, improper. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is

supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in reversing the claim administrator's order.

       Accordingly, we affirm the Board's April 29, 2025, order.

Affirmed.

**ISSUED:** December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

6